421 P.2d 882

**Harry J. OVERSON, Appellant,**

v.

**CITY OF PHOENIX BOARD OF ADJUSTMENT, Appellee.**

**No. 7933.**

Supreme Court of Arizona.

In Banc.

Dec. 28, 1966.

Tanner, Jarvis & Owens, Phoenix, for appellant.

Robert J. Backstein, City Atty., Phoenix, for appellee.

LOCKWOOD, Justice.

The appellant, Harry J. Overson, petitioned the Superior Court of Maricopa County for a Writ of Certiorari, to review a decision of the City of Phoenix Board of Adjustment denying the application of petitioner for a permit to expand a nonconforming use of property. The Superior Court quashed the writ, refusing relief to appellant. Overson then appealed from the denial.

On September 5, 1962, appellant had appeared before the Board of Adjustment seeking a use permit to expand his present nonconforming use from four dwelling units to six. The zoning in effect at the time of such appearance limited lots in appellant's vicinity to single family residences. A hearing was held, at which positions for and against the permit were presented. A motion to deny the request then carried by a vote of six to one.

It is Overson's position that he is entitled to rely on a certain Agreement of Intent executed April 22, 1958 by the City of Phoenix and several commercial taxpayers. In 1957 the City of Phoenix desired to annex approximately twenty square miles of territory lying to the north, west, and south of the then existing city limits. Overson's property was included in the northerly portion of this territory. The city could have annexed a large portion of this area, including much of the industrial and commercial property lying south of Van Buren Street, because of the excess in valuation already committed to annexation in the region located north of Van Buren. But in order to annex the entire area, the city agreed that it would not annex any portion of the described region until various specific alterations in city ordinances and codes had been made, including several amendments to the zoning ordinance. In consideration of this promise, the signatory businesses and industries agreed, once the designated changes had been made, to sign a petition favoring annexation of the area south of Van Buren, and encourage other commercial enterprises in the area to do the same.

Appellant contends that he is entitled to the benefit of one portion of the agreement of intent which agreed to have a section of the zoning ordinance amended to allow the expansion of nonconforming uses. This provision had in fact been enacted exactly as worded in the agreement, and the entire twenty square mile area was later annexed to the city. Appellant's property was zoned as single family residential, and thus became a nonconforming

use. Overson urges that the amendment of the zoning ordinance pursuant to the agreement of intent, resulted in an automatic right to an expansion of existing nonconforming uses subject only to the formality of a use permit to give the city notice of an attempt to exceed the maximum allowable limits. He claims that the agreement applies to his property and that he and all city property owners with valid nonconforming uses can rely upon it in obtaining a use permit.

Overson further argues that if the agreement only applies to industrial and commercial properties located south of Van Buren Street, and means only they can rely on the amended ordinance, it then is discriminatory and a denial of constitutional rights, as it does not allow all members of a designated class the same rights and privileges. The Superior Court ruled that the agreement of intent did not encompass appellant's property, and quashed the writ for this reason.

Whether the agreement of intent applied to appellant's property is immaterial, since it is clear that the agreement and later amended ordinance conferred no automatic right to an expansion of an existing nonconforming use of real property. To establish this, it is necessary to examine portions of the zoning ordinances pertaining to the Board of Adjustment and use permits in force at the time of the agreement of intent and any changes made after the execution of this agreement.

The powers of the Board, at the time of the agreement, were set forth in section 107 C (5) of the City Zoning Ordinance No. G–104. This section states as follows:

"C. Powers and Duties * * *. 5. To hear applications for and to grant use permits required by this ordinance upon a finding by the Board that the use covered by the permit, the manner of conducting the same, and any building which is involved *will not be detrimental to persons residing or working in the vicinity, to adjacent property, to the neighborhood, or to the public welfare in general,* and that the same will be in full conformity to any conditions, requirements or standards prescribed therefore [sic] by this ordinance or pursuant thereto. The burden of proof for satisfying the aforementioned requirements shall rest with the applicant. The grant of a use permit is *a matter of grace resting in the sole discretion of the Board and a refusal is not the denial of a right,* conditional or otherwise. This provision is not a mandatory one, and the permissive power granted to the Board is to be exercised or not, as the Board's discretion dictates." (Emphasis added.)

Under this same ordinance, the then existing section dealing with expansion of nonconforming uses reads as follows:

"Section 104. NONCONFORMING USES.

"A. * * *

"1. * * * A non-conforming use, in any district other than a Residence District may be expanded, *subject to a use permit* within the confines of the lot or parcel of land upon which it was located at the time of enactment or amendment of this ordinance provided, however, that the expansion shall not exceed an area equal *to fifty (50) per cent of the land area or building area* being used for said non-conforming use at the time of enactment or amendment of this ordinance."

The City of Phoenix, subsequent to the agreement of intent, amended § 104 to read as follows:

"1. A nonconforming use may be expanded, *subject to a use permit,* within the confines of the lot or parcel of land upon which it was located at the time of enactment or amendment of this ordinance provided, however, that the expansion shall not exceed an area equal *to one hundred per cent (100%) of the land area and/or building area* being used for said non-conforming use at the time of enactment or amendment of this ordinance." (Emphasis added.)

The wording in this section of the amendment is exactly the same as that proposed in the agreement of intent. No change was made in• the wording of the section of the ordinance concerning the powers and duties of the Board of Adjustment. Later on December 28, 1961, the City of Phoenix adopted a completely new zoning ordinance, (Ordinance No. G–449), which was in effect at the time appellant applied for a use permit. Neither of the sections relevant to our decision were changed by the new ordinance.

 It is clear that no automatic right to an expansion of a nonconforming use resulted from the amendment to the zoning ordinance, whether the agreement of intent was for the benefit of the appellant or the business and commercial property south of Van Buren Street, or both. This Court has a duty to give full effect to the intent of the city in passing the amended ordinance, and in doing so must give meaning to each clause or section therein. Adams v. Bolin, 74 Ariz. 269, 247·P.2d 617 (1952); City of Phoenix v. Yates, 69 Ariz. 68, 208 P.2d 1147 (1949). The language of the ordinance shows that the right Overson claims he is entitled to rely on does not exist. Rather the intention is exactly the opposite. The amended ordinance did enlarge the percentage of expansion allowable after a use permit is issued from fifty to one hundred per cent, but retained the former limitation, "subject to a use permit." No change was made in the powers of the Board of Adjustment to grant a use permit, or in the criteria to be followed in allowing such a permit nor was such a change requested by the agreement of intent. Indeed, the language of the ordinance explicitly states that the denial of a use permit by the Board is not the denial of a right, and is within the Board's discretion. To construe the amended ordinance as giving the appellant the right to a permit without the matter being weighed by the Board would render the section dealing with the Board's powers meaningless. If such a right had been intended, it would have been a simple matter to have stated this explicitly in the agreement of intent, and the later amendment of the zoning ordinance. Thus, the Board still retained discretion to deny the permit on grounds that the expanded use would be detrimental to persons residing in the vicinity, to adjacent property, or public welfare in general, as the language giving such discretionary powers remained in the amended ordinance, and refutes Overson's contentions.

 Appellant's argument that the ordinance is unconstitutional if it does not allow all persons in the city holding nonconforming uses the same rights and privileges would only be correct if the zoning ordinance as amended were for the sole benefit of the various business and commercial interests south of Van Buren. Nowhere in the ordinance does such a limitation appear. No right to an expansion of the use vested in either the appellant or any other property owner in the city having such an existing use. There is no evidence that Overson was not accorded the same treatment under the ordinance as any other property owner in the city with a valid nonconforming use. The Board of Adjustment considered his application and conducted a hearing at which time arguments for and against issuing the permit were presented. Several neighboring property owners testified against the application, giving reasons why it would detract from their own property values. The trial court found that the Board's decision was based on sufficient evidence to support it, and with this we cannot disagree. No evidence has been presented by appellant to show that any other property owners with a nonconforming use would have been treated any differently by the Board in applying for a use permit. This, coupled with the wording of the zoning ordinance, and the actual treatment of Overson's application by the Board shows that there has been no discrimination against one member of a class

as against another, and therefore appellant's argument on this issue is not valid.

Judgment affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.